**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LUCILLE RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | COMPLAINT AND DEMAND FOR JURY |
| ALLIED INTERSTATE, INC. ) | TRIAL |
| ) | |
| Defendant ) | (Unlawful Debt Collection Practices) |

## COMPLAINT

LUCILLE RYAN ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C.,

alleges the following against ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original

jurisdiction of all civil actions arising under the laws of the United States; and 28 U.S.C. § 1367

grants this Court supplemental jurisdiction over any state law claims.

3.     Defendant conducts business and maintains its headquarters in the State of New

York, therefore personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5.      Plaintiff is a natural person residing in Savoy, Illinois.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a national debt collection company with corporate headquarters located at 335 Madison Ave, 27th Floor, New York, New York 10017.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11.     Upon information and belief, the alleged debt that Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

12.     Plaintiff has not contracted with Defendant, and is unaware of owing any such debt to Defendant.

13.     Throughout the month of September 2011, Defendant's representatives placed repeated debt collection calls to Plaintiff's cellular telephone.

14.     Defendant placed multiple harassing calls to Plaintiff on a daily basis.

15.     Defendant's representatives regularly called Plaintiff in excess of three (3) times in a single day.

16.     Defendant called Plaintiff well in excess of twenty (20) times in a month.

17.     On various occasions, Defendant's representatives called Plaintiff's cellular

- 2 -

telephone immediately after Plaintiff hung up.

18.     Defendant's harassing telephone calls caused great aggravation and anxiety to Plaintiff, who has no existing business relationship with Defendant, and is unaware of the origin of his debt.

18.     Defendant took the actions described herein with the intent to bully and intimidate Plaintiff into paying an alleged debt.


## COUNT 1
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692  et. seq.

19.     In its actions to collect a disputed debt, Defendant violated the FDCPA in the following ways:

    a.   Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, by calling Plaintiff repetitively, in violation of 15 U.S.C.§1692d;

    b.   When it caused the Plaintiff' telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff, in violation of 15 U.S.C. §1692d(5); and

    c.   Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LUCILLE RYAN, respectfully prays for a judgment as follows:

    a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LUCILLE RYAN, demands a jury trial in this case.

DATED: 01/17/12                    KIMMEL & SILVERMAN, P.C.

By:_____
   Craig Thor Kimmel
   Attorney ID # 2790038
   Attorney for Plaintiff
   Kimmel & Silverman, P.C.
   30 E. Butler Pike
   Ambler, PA 19002
   Phone: (215) 540-8888
   Fax: (877) 788-2864
   Email: kimmel@creditlaw.com

- 4 -